NATIONAL MUTUAL FIRE INSURANCE COMPANY *vs.* JOHN PURSELL.

A foreign mutual insurance company which has issued a policy to a citizen of this commonwealth, and laid an assessment thereon, without first appointing a general agent here under Gen. Sts. *c.* 58, § 68, may, upon subsequently appointing such agent, maintain an action in this commonwealth to recover the assessment.

CONTRACT brought by a mutual fire insurance company, duly incorporated under the laws of Rhode Island, to recover an assessment laid upon one of its members, a citizen of Massachusetts.

It was agreed in the superior court that the plaintiffs issued the policy to the defendant in Boston, upon an application sent by him to them in Providence; that the assessment was duly laid and notified to the defendant; that after laying the assessment the company for the first time appointed a general agent in Massachusetts, under Gen. Sts. *c.* 58, § 68; and that if the plaintiffs are entitled to recover, judgment should be entered for $31.98, with interest and costs.

Judgment was ordered in the superior court for the defendant, and the plaintiffs appealed to this court.

*A. Richardson & L. W. Osgood,* for the plaintiffs, cited Gen. Sts. *c.* 58, § 72; *Atlantic Ins. Co.* v. *Concklin,* 6 Gray, 73.

*J. H. Butler,* for the defendant.

HOAR, J. The only point presented at the argument has been the effect upon the liability of the defendant to pay an assess‑ ment upon his policy of the failure of the plaintiffs to appoint an agent in this commonwealth, according to the requirement of Gen. Sts. *c.* 58, § 68. It is agreed that the plaintiffs deliv‑ ered the policy to the defendant in Boston, which is clearly " doing business in this state " within the meaning of the stat‑. ute ; and that the assessment was duly made and payment de‑ manded. The sum which the plaintiffs shall recover, if the action is maintained, is also agreed.

The section above cited provides that " every foreign · insur‑ ance company before doing business in this state shall, in writing, appoint a citizen thereof, resident therein, a general agent upon whom all lawful processes against the company may be served." By § 69 the general agent is required, " before any insurance is made by said company," to give a certain bond. It is agreed that the plaintiffs did not appoint such an agent before they issued the defendant's policy, nor until after the assessment was made upon it which is the subject of the action.

If these sections of the statute were all, it is obvious that the action could not be maintained, because the contract of insur‑ ance upon which the claim is founded was prohibited by law. But in § 72 it is further provided that " if insurance is made by a foreign insurance company without complying with the requi‑ sitions of this chapter, the contract shall be valid, but the agent making the insurance shall be liable to the penalty provided in section seventy-four. And any such company, which neglects to appoint a general agent agreeably to the provisions of this chap‑ ter, shall not recover any premium or assessment made by it on any contract of insurance with a citizen of this state until the provisions of this chapter are complied with." This is a mate‑ rial qualification of the preceding sections. The contract is valid ; and the liability to assessments is a part of the contract The assessment on the defendant was therefore lawfully made but the company could not sue to recover it until the genera. agent was appointed. When they appointed him, the disability to sue for and recover the assessment was removed, and the

action was then allowed by law. The plaintiffs therefore sue upon a valid contract; the statute no longer prohibits the prosecution of the suit; and they are entitled to recover the sum agreed in the statement of facts.

The construction which we give to the statute is confirmed by an examination of the previous statutes from which the sections referred to are in substance taken. These are *Sts.* 1851, *c.* 331, and 1854, *c.* 453. By each of those acts the foreign insurance company was required to appoint a general agent, who should give a bond prescribed, before making any insurance in this commonwealth; but it was also provided that if insurance was made without complying with the requisitions of the act, the contract should be valid, the agent making it being liable to a penalty. It was then provided that if the company should neglect, after notice from the treasurer of the Commonwealth, to appoint a general agent, they should not recover any premium or assessment until the requirements of the act were complied with. This clearly implied that before such notice assessments might be laid, and of course were valid; and that when the agent was appointed they might be collected. The only substantial change in the present law is in striking out the condition of notice by the treasurer.  *Judgment for the plaintiffs.*